UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR REPONSIBILITY ) <br> AND ETHICS IN WASHINGTON, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> FEDERAL ELECTION COMMISSION, ) <br>  ) <br> Defendant. ) | Civ. No. 25-4116 (ACR) <br><br><br><br><br> ANSWER |

**DEFENDANT FEDERAL ELECTION COMMISSION'S ANSWER**

Defendant Federal Election Commission ("FEC") submits this answer to the Complaint filed by plaintiff Citizens for Responsibility and Ethics in Washington ("CREW"). Any allegation not specifically responded to below is DENIED.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF[1]**

1. This paragraph summarizes plaintiff's complaint, the allegations which speak for themselves and require no response. To the extent a response is required, ADMIT that this case is an action under the Freedom of Information Act ("FOIA") to compel the production of certain agency records requested by plaintiff on June 25, 2025, and August 7, 2025. DENY that any records have been improperly withheld.

2. The first sentence of this paragraph contains plaintiff's arguments and legal conclusions, to which no response is necessary. DENY the remainder of the paragraph.

---

[1] The FEC has included the headings from the Complaint for the sole purpose of assisting in the reading of this answer and does not admit the accuracy of those headings.

3. This paragraph contains plaintiff's characterization and quotation of the D.C. Circuit's opinion in *End Citizens United PAC v. FEC*, 69 F.4th 916 (D.C. Cir. 2023). The opinion speaks for itself, and no response is necessary. ADMIT that plaintiff submitted a request for records to the FEC under FOIA on June 25, 2025, and that request speaks for itself.

4. This paragraph contains plaintiff's characterization of a FOIA request submitted by plaintiff to the FEC. The request speaks for itself, and no response is necessary. To the extent a response is required, ADMIT that plaintiff submitted a request titled "Expedited Freedom of Information Act Request," dated August 7, 2025, to the FEC.

5. This paragraph summarizes plaintiff's civil complaint in this case, portions of which are plaintiff's arguments, legal conclusions, and a request for relief, to which no responses are necessary. To the extent a response is required, DENY that plaintiff is entitled to judicial relief.

## JURISDICTION AND VENUE

6. ADMIT that this Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. ADMIT that venue is proper in this district.

8. ADMIT Defendant is deemed to have exhausted administrative remedies. The remainder of this paragraph is a legal conclusion to which no response is required.

## PARTIES

9. The FEC is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

10. ADMIT that the FEC is an agency subject to FOIA.

## STATUTORY BACKGROUND

11-16.   These paragraphs contain plaintiff's legal conclusions, characterizations of, and quotations of FOIA, which speak for themselves, and to which no response is necessary.

17.   This paragraph contains plaintiff's legal conclusions, characterizations of and quotations of 11 C.F.R. § 4.7, which speak for themselves, and to which no response is necessary.

18-19.   These paragraphs consist of plaintiff's legal conclusions, characterizations of, and quotations of FOIA, which speak for themselves, and to which no response is necessary.

## FACTUAL BACKGROUND

20-21.   These paragraphs contain plaintiff's legal conclusions and characterizations of the FEC's authority and proceedings under the Federal Election Campaign Act ("FECA"), 52 U.S.C. §§ 30101-30145, which speak for themselves, and to which no response is necessary.

22.   This paragraph contains plaintiff's legal conclusions, characterizations of, and quotations from *End Citizens United PAC v. FEC*, which speak for themselves, and no response is necessary.

23.   This paragraph contains plaintiff's characterization of and quotations from an April 3, 2024, FEC press release entitled, "FEC implements new enforcement case closure procedures," which speaks for itself, and no response is necessary.

24.   DENY. The FEC has published on its website, in the form of a press release, a written description of its procedures. *See* Federal Election Commission, *FEC implements new enforcement case closure procedures* (Apr. 3, 2024) ("Case Closure Procedures"), https://www.fec.gov/updates/fec-implements-new-enforcement-case-closure-procedures/.

3

25. This paragraph contains plaintiff's arguments and legal conclusions, to which no response is necessary.

26. This paragraph contains plaintiff's characterization of and quotations from its June 25, 2025, FOIA request, which speaks for itself, and to which no response is necessary. ADMIT that Exhibit A is a copy of the June 25, 2025, FOIA request.

27. ADMIT.

28. ADMIT.

29. DENY. The FEC apprised the plaintiff on December 17, 2025, that it is processing the request and that it is working to provide the material promptly.

30. This paragraph contains plaintiff's characterization of an administrative complaint filed by America First Legal with the FEC, which speaks for itself, and to which no response is necessary.

31-35. These paragraphs contain plaintiff's arguments, legal conclusions, quotations, and characterizations of former Commissioner James E. Trainor's alleged statements, which speak for themselves, and to which no response is necessary.

36. ADMIT that plaintiff references a July 26, 2024 letter, cited in paragraph 32 of the Complaint, that was addressed to former Commissioner Trainor requesting his recusal from the America First Legal administrative complaint.

37. The FEC is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

38. This paragraph contains plaintiff's characterization of the consideration of the America First Legal administrative complaint citing the "Statement of Reasons of [then] Vice-Chair James E. "Trey" Trainor, III and [then] Commissioner Allen J. Dickerson, *In the Matter of*

4

*Alvin L. Bragg, et al.* (2025) (MUR # 8274)." That statement speaks for itself, and no response is required. *See id.* available at https://www.fec.gov/files/legal/murs/8274/8274_12.pdf   To the extent this paragraph alleges that there is no public statement or record about this decision, it is DENIED.  ADMIT that Commissioner Trainor did not recuse himself from considering the America First Legal administrative complaint.

39. This paragraph describes the certification of the vote in the America First Legal administrative matter, designated Matter Under Review ("MUR") 8724, which speaks for itself and requires no response.  *See* FEC, Amended Certification (Apr. 1, 2025) https://www.fec.gov/files/legal/murs/8274/8274_08.pdf.

40-42. These paragraphs contain plaintiff's legal conclusions, characterizations of and quotations from its August 7, 2025, FOIA request.  ADMIT that plaintiff submitted request titled "Expedited Freedom of Information Act Request," dated August 7, 2025, to the FEC, and that Exhibit B is a copy of that request.  The request speaks for itself, and no response is necessary.  The FEC is without knowledge or information as to the remainder of these paragraphs.

43. ADMIT.

44. DENY.  The FEC apprised the plaintiff on December 17, 2025, that it is processing the request and that it is working to provide the material promptly.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of FOIA – Wrongful Failure to Grant Expedited Processing
### (5 U.S.C. § 552; 11 C.F.R. § 4.7)

45. The FEC incorporates its responses to paragraphs 1-44.

46. ADMIT that plaintiff requested records from the FEC under FOIA on August 7, 2025.  To the extent that this paragraph contains a legal conclusion, no response is necessary.

47.     ADMIT that plaintiff requested "expedited processing" regarding its August 7, 2025, FOIA request.  To the extent that this paragraph contains a legal conclusion, no response is necessary.

48.     The FEC is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

49.     DENY.

50.     ADMIT.

51.     DENY.

52.     This paragraph contains plaintiff's arguments and legal conclusions, and therefore no response is required.  To the extent a response is required, the FEC DENIES that plaintiff is entitled to relief regarding its August 7, 2025, FOIA request.

## COUNT TWO
## Violation of FOIA – Wrongful Withholding of Records
## (5 U.S.C. § 552)

53.     The FEC incorporates its responses to paragraphs 1-52.

54.     ADMIT that plaintiff requested records from the FEC under FOIA on June 25, 2025.  The remainder of the paragraph is a legal conclusion regarding FOIA, and no response is necessary.

55.     DENY.

56.     ADMIT.

57.     This paragraph contains plaintiff's conclusions of law, and therefore no response is required.  To the extent a response is required, DENY that plaintiff is entitled to relief regarding its June 25, 2025, FOIA request.

## REQUESTED RELIEF

DENY that plaintiff is entitled to the relief requested in paragraphs 1-8 under this heading.

## DEFENSES

Defendant FEC reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to the FEC through the course of this litigation.

## FIRST DEFENSE

Some of the information sought by plaintiff may be exempt from release under one or more FOIA exemptions.

## SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## THIRD DEFENSE

The Court lacks jurisdiction to award relief that exceeds that authorized under FOIA.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Brian S. Cunningham
Attorney
bcunningham@fec.gov

James D. McGinley (D.C. Bar No. 1017536)
Associate General Counsel
jmcginley@fec.gov

*/s/ Greg J. Mueller*
Greg J. Mueller (D.C. Bar No. 462840)
Attorney
gmueller@fec.gov

Shaina Ward (D.C. Bar No. 1002801)
Acting Assistant General Counsel
sward@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694-1650

December 26, 2025